UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PHEAP RUTH, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 18-cv-11321-WGY |
| | * | |
| SUPERINTENDENT STEVE SOUZA, | * | |
| | * | |
| Respondent. | * | |

ORDER

~~June~~ July 2, 2018

YOUNG, D.J.

On June 25, 2018, petitioner Pheap Rath filed a <u>Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241</u> [#1]. Petitioner, an immigration detainee confined at the Bristol County House of Correction and Jail ("BCHOC"), represents that he was ordered removed in 2009. He contends that his continued civil detention—which commenced on February 27, 2018—is unlawful because his removal to Cambodia is not reasonably foreseeable. Petitioner names Bristol County Sheriff Thomas Hodgson as the respondent.

Accordingly:

1. Steven Souza, Superintendent of the Bristol County House of Correction and Jail, shall be substituted as the sole respondent. See <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action); <u>Vasquez v. Reno</u>, 233 F.3d 688, 696 (1st Cir. 2000) (same, as applied to immigration detainee). Sheriff Hodgson shall be terminated as parties to this action.

2. The clerk shall serve a copy of the petition upon (i) Superintendent Souza; and (ii) the United States Attorney for the District of Massachusetts.

3. Respondent shall, no later than August 27, 2018, show good cause why the petition should not be granted. This return date—which is six months from the date petitioner finished a term of incarceration and began his period of immigration detention—is consistent with the Supreme Court's ruling that six months is a presumptively reasonable time period to detain an alien for purposes of removal. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001). The petitioner does not allege any circumstances suggesting that the presumption should not apply in this case.

4. The Court's Standing Order [#3] is VACATED and the respondent is not required to give the Court prior notice to moving the petitioner outside of the District of Massachusetts. Notwithstanding, the respondent must promptly inform the Court of any changes in petitioner's mailing address or of his removal from the United States.

**SO ORDERED.**

/s/ William G. Young
William G. Young
United States District Judge

Dated: July 2, 2018